IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEFF EASLEY, | ) | Civil Action No. 7:11-cv-00516 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| SERGEANT HUBBARD, <u>et al.</u>, | ) | By:   Hon. Michael F. Urbanski |
|     Defendants. | ) |        United States District Judge |

Jeff Easley, a Virginia pretrial detainee proceeding <u>pro se</u>, filed a "Request for an Injunction in the Nature of Mandamus/Habeas Corpus." Plaintiff names as respondents Sergeant Hubbard, Captain Kellef, Captain Waldern, Major Winston, and Lieutenant Tuck of the Western Virginia Regional Jail ("Jail"). Plaintiff complains about the conditions of his confinement, claims he is in fear of his life, and seeks an injunction to modify the Jail's rules.

I.

Plaintiff alleges that Major Winston makes plaintiff wear ambulatory restraints during his one hour of recreation. Plaintiff can hardly move during recreation because the ambulatory restraints dig into his ankles and wrists. Plaintiff is confined to his cell the remaining twenty-three hours of each day and is denied all requests for programs, religious services, and education. Plaintiff generally alleges that physical exercise during his recreation period is important to his physical and emotional health. Plaintiff also alleges that Captain Waldern pushed plaintiff into a wall to provoke him, taunted him, and harassed him.

II.

Petitioner may not prosecute this action via a writ of mandamus or habeas corpus. The court lacks jurisdiction to grant mandamus relief against state officials or state agencies. <u>Gurley v. Superior Court of Mecklenburg County</u>, 411 F.2d 586, 587 (4th Cir. 1969). Plaintiff's

allegations and requested relief do not relate to the length of his sentence, and thus, habeas corpus is not an appropriate remedy. See Heck v. Humphrey, 512 U.S. 477, 486-88 (1994) (stating that a § 1983 claim that would necessarily demonstrate the invalidity of confinement or its duration should be brought as a habeas claim); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). Accordingly, the court construes plaintiff's pleading as arising under 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and

common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, plaintiff presently fails to identify a state actor who violated a constitutional right. Plaintiff does not allege any facts relevant to defendants Hubbard, Kellef, or Tuck.

Plaintiff also fails to describe unconstitutional conditions of confinement or a deprivation of a basic human need. See, e.g., Beverati v. Smith, 120 F.3d 500, 503 (4th Cir. 1997) (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Plaintiff does not explain how he is prohibited from exercising in his cell when he is not in ambulatory restraints. Furthermore, plaintiff does not have a constitutional right to educational opportunities while incarcerated. See, e.g., Rhodes v. Chapman, 452 U.S.

337, 348 (1981) (no Eighth Amendment right to classes); Hernandez v. Johnston, 833 F.2d 1316 (9th Cir. 1987) (no due process right to classes).  Moreover, plaintiff also does not describe the denial of religious exercise.

The simple fact that a guard pushed plaintiff into a wall also does not state a claim of excessive force.  See, e.g., Graham v. Connor, 490 U.S. 386, 396 (1989).  Furthermore, when a defendant makes comments that may constitute verbal abuse or harassment, those comments alone do not rise to the level of an Eighth Amendment violation.  See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, 885 F.2d 865 (4th Cir. 1989) (table) (unpublished) (stating as a general rule that verbal abuse of inmates by guards, without more, does not state a constitutional claim); Morrison v. Martin, 755 F.Supp. 683, 687 (E.D. N.C. 1990) (same).  The Constitution does not "protect against all intrusions on one's peace of mind."  Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991).  Verbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety, do not constitute an invasion of any identified liberty interest.  See Emmons v. McLaughlin, 874 F.2d 351, 354 (6th Cir. 1989) (stating verbal threats causing fear for plaintiff's life not an infringement of a constitutional right); Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (calling an inmate an obscene name did not violate constitutional rights); Lamar v. Steele, 698 F.2d 1286 (5th Cir. 1983) ("Threats alone are not enough.  A [§]1983 claim only accrues when the threats or threatening conduct result in a constitutional deprivation."); Keyes v. City of Albany, 594 F. Supp. 1147 (N.D.N.Y. 1984) ("[T]he use of vile and abusive language [including racial epithets], no matter how abhorrent or reprehensible, cannot form the basis for a § 1983 claim.").  The law is clear that mere "threatening language and gestures of [a] penal officer do not, even if true, constitute constitutional violations."  Fisher v. Woodson, 373 F. Supp. 970, 973 (E.D. Va. 1973).

III.

For the foregoing reasons, the court dismisses the action without prejudice for failing to state a claim upon which relief may be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  November 8, 2011

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge